KENNEDY, Circuit Judge,
concurring.
I concur in the panel’s order but have one additional reason to order remand. On remand, the government may choose to bolster its claim that Blomquist was convicted for a crime of violence by introducing the “transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant.” Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Before a court in Michigan can accept a guilty plea to a felony, it must “by questioning the defendant, ... establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading.” Mich. Ct. R. 6.302(D). Although considerable time has elapsed since the defendant pleaded guilty, the government may be able to obtain these judicial records and provide them to the district court in support of the enhancement.